# Commissioners Court of Coffee County *v.* Ballard.

### *Road Contest.*

(Decided June 1, 1912. 59 South. 191.)

*Appeal and Error; Organization of Court; Dismissal.*—Where the record fails to show that the purported judgment was rendered by a tribunal organized at a time provided by law, the appeal will be dismissed.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

[Commissioners Court of Coffee County v. Ballard.]

Contest of creation of private road across lands of B. R. Ballard. From judgment awarding damages, Commissioners' Court of Coffee County appeals. Appeal dismissed.

This appeal is from a contest over the creation of a private road across the lands of B. R. Ballard, which contest was appealed from the commissioners' to the circuit court, and this appeal is from the judgment of that court, awarding an amount of damages for the land taken by the road. The record shows: "State of Alabama, Coffee County, First Week, Fall Term, Circuit Court, at Elba, Alabama," and that the sheriff turned into court the venire of the jurors regularly drawn for that week, and it follows with the names and occupations of same, those excused, those qualified to serve, and this is followed by the impaneling of the jury, etc. It nowhere shows the presence of the judge, the clerk, or the sheriff, and does not further show the date of the organization.

J. A. CARNLEY, for appellant. Counsel discusses the merits of the controversy and cites authority in support of his contention, and then concludes by asserting that the record does not show the organization of the court, and that the appeal should be dismissed.

RILEY & CARMICHAEL, for appellee. Counsel insist that the cause should be dismissed because not taken in time.—Section 4866, Code 1907. Also because proper security for cost is not given.—Section 2843, Code 1907. Also, because the judgment does not purport to have been rendered at a term of the court organized at a time and under authority of law.—*Grantham v. The State,* in MSS.

WALKER, P. J.—The record in this case does not show that, at the term at which what purports to be the judgment sought to be reviewed was rendered, the court was convened or presided over by a judge authorized by law to hold it.  The appeal must be dismissed because of the failure of the record to show that what it sets out as a judgment of the court was rendered by a tribunal organized pursuant to law.—*Grantham v. State,* 3 Ala. App. 168, 57 South. 1025, and authorities there cited.

Appeal dismissed.